UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTIAN WHITEMAN,<br><br>Defendant. | 3:14-CR-30078-RAL<br><br>**OPINION AND ORDER ON MOTION FOR COMPASSIONATE RELEASE** |

Christian Whiteman (Whiteman) pleaded guilty to abusive sexual contact by force. Docs. 36, 37. On April 6, 2015, this Court held a sentencing hearing in Whiteman's case and imposed a custody sentence of 120 months to be followed by five years of supervised release. Docs. 47; 49 at 2–3.

Whiteman is currently incarcerated at United States Penitentiary Tucson (USP Tucson) and has filed a pro se motion for compassionate release, citing his health conditions in combination with the global COVID-19 pandemic as justification. Doc. 52. The Government has responded in opposition. Doc. 57. This Court has considered Whiteman's motion, and for the reasons stated herein, denies his motion at this time.

**I.   Background**

Whiteman's conviction resulted from a sexual assault he perpetrated on a minor victim who was under his care at the time. Doc. 41 at ¶¶ 5, 7, 16. On a date between October 1, 2012, and May 29, 2013, Whiteman, who was 19 years old at the time, was at the home of his girlfriend's father on the Cheyenne River Sioux Indian Reservation in Dupree, South Dakota. Doc. 41 at ¶¶ 5, 7. Whiteman's girlfriend had her 5-year-old daughter, T.H.E. (victim), staying at the house with

1

them. Doc. 41 at ¶ 7. While Whiteman's girlfriend was asleep in the bedroom, Whiteman and T.H.E. watched television in the living room. Doc. 41 at ¶ 7. At one point, Whiteman pulled T.H.E. close to him and sexually assaulted her by touching her vagina under her underwear. Doc. 41 at ¶ 7. T.H.E. told Whiteman "no" and tried to stop him from sexually assaulting her. Doc. 41 at ¶ 7. T.H.E. attempted to push Whiteman away, but he was too heavy, and he continued to touch her. Doc. 41 at ¶¶ 5, 7. Whiteman eventually stopped the sexual assault. Doc. 41 at ¶ 7.

Under the sentencing guidelines, Whiteman's total offense level for this offense was 37 and Whiteman was in criminal history category III. Doc. 41 at ¶¶ 24, 32, 49. This meant that Whiteman's advisory guideline range was 262 months to 327 months custody. Doc. 41 at ¶ 49. But the maximum sentence for abusive sexual contact by force was 120 months, which made Whiteman's guideline range 120 months custody. Doc. 41 at ¶¶ 48–49. This Court held a sentencing hearing in Whiteman's case on April 6, 2015. Doc. 47. After hearing argument from both parties as to the appropriate sentence and hearing from Whiteman himself, this Court sentenced Whiteman to 120 months custody with a five-year term of supervised release. Docs. 47; 49 at 2–3. Whiteman has been in custody since July 16, 2014, and is currently incarcerated at USP Tucson. Docs. 9, 11; see also Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Sept. 24, 2020).

In early 2020, a novel coronavirus, COVID-19, quickly spread across the United States and infiltrated correctional institutions. As a new virus, COVID-19 has presented somewhat of a mystery to medical professionals and society in general. Some people can contract the virus and be completely asymptomatic, while other people develop complications and die from the illness. The Centers for Disease Control and Prevention (CDC) have identified certain underlying health conditions that put individuals at higher risk for a severe form of the illness if they contract the

disease. Among those at higher risk are individuals with cancer, chronic kidney disease, obesity, serious heart conditions, sickle cell disease, and Type 2 diabetes. See People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Sept. 23, 2020).

Whiteman currently suffers from the following medical conditions: major depressive disorder and anxiety disorder. Doc. 56 at 1. He has now filed a motion for compassionate release with this Court based on those conditions and his inability to follow the CDC's guidelines in the correctional facility setting during the COVID-19 pandemic. Doc. 52.

**II.    Legal Standard**

Generally, a "court may not modify a term of imprisonment once it has been imposed," except in a few, narrow circumstances. 18 U.S.C. § 3582(c). The compassionate release statute as amended by the First Step Act of 2018 provides one of those narrow avenues through which a sentence may be modified. The compassionate release statute provides in pertinent part that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)    extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). "The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence." United States v. Loggins, 966 F.3d 891, (8th Cir. 2020). Ultimately, the defendant bears the burden of establishing that a sentence reduction is warranted. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

### III.  Discussion

Whiteman alleges that he requested compassionate release from the warden of his institution on March 26, 2020. Doc. 52 at 1. There is no evidence in the record to support Whiteman's allegation that he submitted such a request. But the Court concludes that it does not need to opine on whether Whiteman exhausted his administrative remedies because even if the administrative exhaustion requirements have been met and Whiteman's motion may be considered, Whiteman is still not eligible for compassionate release under the "extraordinary and compelling reasons" provision.

In determining whether compassionate release is justified, this Court must consider the sentencing factors in 18 U.S.C. § 3553(a), determine whether "extraordinary and compelling reasons" warrant a sentence reduction, and evaluate whether a sentence reduction is consistent with the Sentencing Commission's applicable policy statements. See 18 U.S.C. § 3582(c). The sentencing factors found in 18 U.S.C. § 3553(a) instruct this Court to consider the applicable guidelines issued by the Sentencing Commission; "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" to adequately deter criminal conduct, to protect the public; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the

4

most effective manner." 18 U.S.C. § 3553(a). This Court also should consider the need to avoid unwarranted sentence disparities among similarly situated defendants. 18 U.S.C. § 3553(a)(6).

In conducting its analysis on compassionate release motions, this Court begins by considering the applicable § 3553(a) sentencing factors. The nature and circumstances of the offense are detailed above and are disturbing. Those facts, along with Whiteman's criminal history points, resulted in a 262-327 month guideline range under the sentencing guidelines. Because Whiteman's guideline range was higher than the offense's statutory maximum sentence of 120 months, Whiteman's guideline range became 120 months in custody. A guideline range sentence like the one imposed was necessary for several reasons. First, a lengthy sentence adequately reflected the seriousness of the offense and provided just punishment. Second, the type of criminal conduct at issue here requires a powerful deterrent, and the 120-month sentence was designed to protect the public and to provide Whiteman with sex offender treatment in an effective manner. Doc. 49 at 2. Overall, the 120-month sentence was sufficient to achieve the § 3553(a) sentencing factors, but it was not greater than necessary.

This Court next determines whether "extraordinary and compelling" reasons exist to modify a sentence. Congress has directed the Sentencing Commission to describe and provide examples of what constitutes "extraordinary and compelling" reasons with respect to the compassionate release statute. 28 U.S.C. 994(t). The Sentencing Commission provided such examples in the commentary to United States Sentencing Guideline 1B1.13. Those reasons include the defendant's terminal illness or debilitating physical or mental condition, the defendant's age in combination with the proportion of his sentence served, and certain family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). The Sentencing Commission also included a "catch all" provision which allows one to find "extraordinary and compelling" reasons other than

5

those specifically listed "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1(D). However, since the First Step Act was passed, the Sentencing Commission has not updated its policy statement because it has not had a quorum. As a result, district courts have questioned whether the policy statement still applies and whether courts may consider other "extraordinary and compelling" reasons under the "catch all" provision. See United States v. Mondaca, No. 89-CR-0655 DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) (discussing the discord among district courts); United States v. Spears, No. 98-0208-SI-22, 2019 WL 5190877, at *3 (D. Or. Oct. 15, 2019) (same); United States v. Brown, 411 F. Supp. 3d 446, 449–50 (S.D. Iowa 2019) (same). Many district courts have determined that the discretion given to the Director of the BOP by the Sentencing Commission extends to federal judges and allows them to consider "extraordinary and compelling reason[s] other than" those specifically described. United States v. Condon, No. 3:12-cr-00091-10, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (listing cases that found federal judges may apply the "catch all" provision of U.S.S.G. § 1B1.13 comment note 1(D)).

Whiteman argues that he qualifies for release because he has "poor health conditions" and he cannot follow the CDC's guidelines during the COVID-19 pandemic. Because Whiteman does not specify which provision of U.S.S.G. § 1B1.13 his motion falls within, this Court will analyze it under the "catch all" provision of U.S.S.G. § 1B1.13 comment note 1(D) and the medical condition provision of comment note 1(A)(ii). Comment note 1(A) provides in relevant part that "extraordinary and compelling" reasons may exist if the defendant is "suffering from a serious physical or medical condition... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). However, Whiteman does not claim that

it is his serious physical or medical conditions that makes him unable to provide self-care in his correctional facility. Rather, he argues that the conditions of confinement, a factor not contemplated by the comment note, make it difficult or impossible to practice the type of self-care recommended by the CDC. Therefore, Whiteman cannot establish "extraordinary and compelling" reasons to justify a sentence reduction under comment note 1(A)(ii).

This Court next considers Whiteman's circumstances under the "catch all provision." Whiteman argues that his underlying health conditions combined with the COVID-19 pandemic establish an "extraordinary and compelling" reason other than those specifically identified to justify a sentence reduction. The COVID-19 pandemic has impacted this country and its economy in extraordinary ways. However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

USP Tucson currently has six active inmate infections of COVID-19 and zero active COVID-19 cases among the facility's staff; one inmate and seven staff have recovered from the illness, and the facility has reported no deaths. See COVID-19, Coronavirus, Federal Bureau of Prisons https://www.bop.gov/coronavirus/ (last visited Sept. 24, 2020). The question becomes whether Whiteman's medical conditions—major depressive disorder and anxiety disorder—combined with the conditions of confinement during the COVID-19 pandemic justify compassionate release.

The CDC has not recognized Whiteman's medical conditions—major depressive disorder and anxiety disorder—as significant risk factors for contracting or developing a severe illness from COVID-19. Additionally, based on the medical records, Whiteman's mental health conditions

7

appear to be stable, managed, and well-controlled when Whiteman is compliant with his medication. Doc. 56 at 3–5, 7–9, 11–12, 31. This Court cannot say to what extent Whiteman's life is threatened by the existence of COVID-19 in USP Tucson, especially considering that the BOP has taken precautions to protect him and his fellow inmates. See BOP Implementing Modified Operations, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19 _status.jsp (last visited Sept. 23, 2020).

Whiteman has served over half of his 120-month sentence for sexually assaulting a 5-year-old girl while she was in his care. Overall, the original sentence was chosen with care, considering Whiteman's and his community's needs and all of the other applicable sentencing factors. Despite the risks posed by COVID-19, this Court does not find "extraordinary and compelling reasons" to justify a sentence modification because such a reduction would not be sufficient to achieve the goals of sentencing.

IV. **Conclusion and Order**

Therefore, it is hereby

ORDERED that Whiteman's motion for compassionate release, Doc. 52, is denied.

DATED this 24th day of September, 2020.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE